294 P.2d 316

**F. H. CARLTON, Plaintiff and Appellant,**

v.

**Marion D. CARLTON, Defendant and Respondent.**

**No. 8413.**

Supreme Court of Utah.

March 6, 1956.

King, Anderson & Brown, Salt Lake City, for appellant.

Dwight L. King, Salt Lake City, for respondent.

WADE, Justice.

This appeal presents the question whether sufficient change in conditions since the divorce decree was entered has been shown to support a modification of such decree.

F. H. Carlton, plaintiff and appellant, was granted a divorce from Marion D. Carlton on June 24, 1954, upon an appearance and waiver of time to plead. Although there was no property settlement agreement the court by its decree determined some of the rights of the parties in accordance with the allegations of the complaint. It awarded the four children to the defendant, and plaintiff was ordered to pay her $30 per month for the support of each child and $30 per month as alimony, making a total monthly payment of $150. She was given possession of the home and title to the household furnishings and a 1949 Plymouth automobile. Plaintiff was awarded a 1954 Ford automobile, the right to claim all the children as dependents for income tax purposes, and in case the home was sold by mutual consent, the net proceeds were ordered divided equally between them.

On July 22, 1955, respondent petitioned for a modification of the decree, alleging that in addition to paying the $150 per month as ordered by the decree, he had paid approximately $70 per month as payments on the purchase price of the home as they became due. This was the home in which she and the children lived. She further alleged that he now refuses to continue such payments, that she is unable to make such payments out of her earnings and the payments which she receives from him. She prayed for an increase in the

support money from $30 to $70 per month for each child and an increase in alimony from $30 to $100 per month.

At the hearing appellant admitted that from the decree to June, 1955, he had made the payments on the home of about $70 per month and about $60 per month on other obligations, and that he now refuses to continue to make such payments. He contends that since the decree does not require him to make the payments on the home, the fact that he has been making them and now refuses is not such a change in conditions as is required to support a modification of the decree. The decree says nothing about the payments on the home or who should make them. When the decree was made the husband was making those payments and he continued to do so thereafter for about a year and until just before the petition for modification was filed. If the payments are not made, she will lose the use of the home and the cost of the support of herself and children will be substantially increased. Such an increase would obviously support a modification of the decree. Except for the fact that he continued to make those payments, and his testimony that he was making them gratuitously, there is nothing to indicate who the parties intended should make those payments at the time the decree was made. If it were established that at the time of the decree she was receiving a substantial payment as a gratuity or otherwise, which was suddenly terminated, such change in her condition would support a modification of the decree. The same is true of the change here shown.

Regardless of his contention that he was not obliged to make those payments, he was making them when the decree was made, and his refusal to continue caused her to need more money from him for her and the children's support. Also, by refusing to make the payments, he is being relieved from an expense which he had been paying. Such a showing is sufficient to support a modification of the decree.

Judgment of the trial court affirmed with costs to respondent.

McDONOUGH, C. J., and CROCKETT, J., concur.

WORTHEN, Justice.

I concur in the opinion of Mr. Justice WADE. By the divorce decree it was provided that if the home were sold, the net proceeds were to be divided equally between plaintiff and defendant. The decree was silent as to how purchase money payments on the home should be met. It is admitted that plaintiff had met all home payments subsequent to the entry of the decree and prior to his notification that he would not continue with the payments.

Since plaintiff will receive one-half of the net proceeds in case of a sale of the property, it would seem, in the absence of an agreement between the parties, that

plaintiff should be held responsible for one-half of the amount of the monthly payments. His refusal to continue with the payments would constitute a change to the extent that the obligations of defendant are increased if she is to continue to enjoy the home for herself and the children.

HENRIOD, Justice.

I dissent, respectfully suggesting that there is nothing in the record to support the conclusion of the main opinion and some of its assertions. No smidgen of evidence supports the statement that the husband was making the home payments when the decree was entered, and none that the parties understood or agreed that he would. The only claim made by defendant with respect thereto was that *since* the decree was entered plaintiff had made the payments. There is absolutely no proof of any understanding that he would make such payments, and the defendant herself made no claim that there was any such understanding or agreement. She was in open court when the divorce matter was heard, and did not complain about the award made. At the hearing on the order to show cause, the trial court clearly implied that any modification would be made upon showing of fraud only. None was shown and the order modifying the decree was based on changed circumstances, not extrinsic fraud. The change of circumstances was plaintiff's refusal further to pay something that the uncontradicted testimony indicated was voluntarily made since the entry of the decree, and without any obligation by court order, agreement, understanding or otherwise. That is not the kind of changed circumstances upon which a modification can or ever has been allowed to be predicated.

The majority opinion, it is suggested, is laying down a dangerous precedent by indicating that if one makes gifts to his wife or family after a divorce decree is entered, his failure to continue making such gifts can be used as a changed circumstance justifying a modification of the decree. Also, I believe it extends the principle of modification because of changed circumstances to the breaking point, and in doing so, obviously is lending succor to this one wife, but equally as obviously is laying the groundwork for the withdrawal of voluntary but not obligatory aid to wives and families generally.

After this case hits the reporter system any Utah lawyer would be foolish and perhaps derelict if he did not advise his client not to give his ex-wife anything of value other than what was decreed in the divorce. Thus, our magnanimity toward Mrs. Carlton here becomes the withholding of beneficence from Mrs. Someoneelse, and so doing, invites the dangerous conclusion that no divorce decree means what it says, has no element of finality to it and can be upset months or years later on a showing, perhaps most frivolous, of changed circumstances arising out of the withdrawal of gratuities made thereafter.